UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| MICHAEL ELLIOT THOMASON and | ) | |
| PAMELA JUNE THOMASON, | ) | |
| | ) | BK    09-41201 |
| Debtors. | ) | |
| | ) | |
| MICHAEL ELLIOT THOMASON and | ) | |
| PAMELA JUNE THOMASON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ADV    14- |
| vs. | ) | |
| | ) | |
| SYNCHRONY BANK FKA | ) | |
| GE MONEY BANK | ) | |
| DBA HONDA CARD/ GEMB, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO TURNOVER TITLE AND FOR SANCTIONS, ACTUAL DAMAGES, PUNITIVE DAMAGES AND FEES**

COME NOW the Plaintiffs, Michael and Pamela Thomason, by and through their attorneys, Law Offices of Mueller and Haller, L.L.C., and for their Complaint state as follows:

**Introduction**

1. This is an action for actual and punitive damages filed by the Plaintiffs for the failure of Defendant to release its lien on the title to a motor vehicle in compliance with applicable Illinois law and for the adverse impact such State law violations have had on the applicable provisions of Title 11 of the United States Code.

2. This action is also filed to enforce the Order of Discharge duly entered in this

1

case, and to enforce and to implement other Bankruptcy Code provisions and rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

## Jurisdiction

3.  Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4.  This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5.  Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

6.  This matter is a non-core proceeding and the Plaintiffs consent to the entry of a final order in this proceeding by the Bankruptcy Judge.

## Parties

7.  The Plaintiffs in this case were Debtors under Chapter 13.

8.  The Defendant is a corporation organized and existing under the laws of Delaware and does business in the State of Illinois.

9.  Before the commencement of the Chapter 13 case, the Plaintiffs pledged security in two 2007 Honda TRXs to the Defendant as and for liens on the vehicles and the Defendant had its security interest duly perfected by having its liens noted on the titles to the vehicles issued by the Illinois Department of Motor Vehicles. The account was assigned the account number ending in 2440 by the Defendant. This claim was treated under the confirmed plan as a secured

claim.

10.	The Chapter 13 case of the Plaintiffs herein was commenced by the filing of a voluntary petition with the Clerk of this Court on July 17, 2009.

11.	The 341(a) meeting of creditors in this case was held in E. St. Louis, Illinois on August 27, 2009.

12.	The Chapter 13 plan of the Plaintiffs herein was subsequently confirmed by order of this Court filed and entered on September 18, 2009.

13.	The Defendant received notice of the 341(a) meeting from documents mailed by the Trustee's office and the Defendant also received a "filed" copy of the Order of Confirmation.

14.	On November 25, 2009, GE Money Bank dba Honda Card/ GEMB filed a sworn proof of claim in this case in the amount of $6,641.47 secured.

15.	All of the monthly payments from the Trustee on the Defendant's secured claim of $6,641.47 at 5.25% interest were in fact received, endorsed, deposited and otherwise duly processed by the Defendant.

16.	Upon information and belief, on or about June 2, 2014, GE Money Bank changed its name to Synchrony Bank.

17.	The Plaintiffs made all of the required Chapter 13 plan payments and duly completed their Chapter 13 plan.  As a result, a final Discharge Order was duly entered by this Court on July 14, 2014.  The Discharge Order provided in pertinent part that the Plaintiffs herein were "discharged from all debts provided for by the plan."  The Plaintiffs aver that this discharge extended to and included the balance of the debt to the Defendant.

18.	To date, neither the Plaintiffs nor their attorney have received the titles to the

subject vehicles with the liens released.

19.     As a result of the conduct of the Defendant, the Plaintiffs have filed a Motion to Reopen this case with this Court, to pursue "discharge violations and other relief against creditors in this proceeding."

20.     Under Section 350(b) of the Code "a case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtors, or for other cause." This case was reopened for all of the reasons provided for in the said Code section.

21.     The violations of the non-bankruptcy laws as alleged herein further justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

## Violation of the Discharge Injunction and State Law

22.     The actions of the Defendant after receiving notice of the order of discharge entered on July 14, 2014, constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524 and also Illinois state law.

23.     As a result of the failure of the Defendant to release its liens on the titles to the subject motor vehicles the Plaintiffs have found it necessary to devote countless and unnecessary hours to their efforts to secure such title and that all of this time was unwarranted and unnecessary.

24.     The Plaintiffs have worried about this situation and have feared that the Defendant had some improper motive for holding the said title.

25.     The conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

26. As a result of the above violation of 11 U.S.C. Section 524, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

27. In order to protect debtors who have completed their Chapter 13 plans and secured a full discharge thereunder, this Court should impose sanctions against the Defendant for its misconduct in this case.

28. The actions of the Defendant in this case also constitute a clear violation of section 3-205 of the Illinois Vehicle Code (625 ILCS 5/3-205)**.**

29. Section 3-205(a) of the Illinois Vehicle Code provides in pertinent part as follows: "**Release of security interest.** Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and release to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate."

30. The Defendant did not comply with this statute after the entry of the Discharge Order in this case.

31. The actions of the Defendant in this case have been unlawful in nature and as a result the Plaintiffs are entitled to recover damages as well as legal fees and expenses as provided for by Sections 3-205(c) of the Illinois Vehicle Code**.**

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. The Plaintiffs have and recover against the Defendant a sum to be determined by

the Court in the form of actual damages;

B. The Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. The Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

D. This Court enter a standing order requiring all applicable secured creditors to comply with the provisions of 625 ILCS 5/3-205 within 14 days of the service of the discharge order in all Chapter 13 cases or to be subject to civil sanctions for contempt of court;

E. The Defendant be required to pay to the Plaintiffs as an additional damage award in this case all funds received from the Chapter 13 Trustee during the pendency of the plan in this case;

F. The Plaintiffs have such other and further relief as the Court may deem just and proper.

MICHAEL & PAMELA THOMASON,

By: /s/ William A. Mueller
William A. Mueller #06187732
James J. Haller #06226796
Rachel A. Hill #51818
Attorneys for the Plaintiffs
5312 West Main Street
Belleville, IL 62226
Phone (618) 236-7000